## BUFFALO UNION FURNACE CO. v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.

(District Court, W. D. New York.   March 20, 1922.)

1. **Shipping ⬡⟶3½, New, vol. 8A Key-No. Series—Orders for iron by Fleet Corporation had implied condition war would continue.**

In contracts for the purchase of iron, made by the United States Shipping Board Emergency Fleet Corporation, which was an agency of the United States exercising powers delegated by the President, under Act June 15, 1917, § 1 (Comp. St. § 3115¹/₁₆d), which gave the President, in relation to placing orders for ships and materials, power to modify, suspend, cancel, or requisition any existing or future contracts, there was an implied condition which authorized the cancellation of the order on the termination of hostilities.

2. **Shipping ⬡⟶3½, New, vol. 8A Key-No. Series—Authority of Fleet Corporation was terminated by Merchant Marine Act of 1920.**

The power conferred on the United States Shipping Board Emergency Fleet Corporation by Congress and by the orders of the President, were terminated by the Merchant Marine Act of 1920, so as to authorize cancellation of orders for iron under the implied condition of termination of the war emergency.

In Equity.   Suit by the Buffalo Union Furnace Company against the United States Shipping Board Emergency Fleet Corporation.   On plaintiff's motion for rehearing.   Motion denied.

Slee, O'Brian & Hellings, of Buffalo, N. Y. (Frederick C. Slee and Dana B. Hellings, both of Buffalo, N. Y., of counsel), for plaintiff.

William J. Donovan, U. S. Atty., of Buffalo, N. Y. (Eldred E. Jacobsen, Asst. Counsel U. S. S. B. E. F. C., of Brooklyn, N. Y., of counsel), for defendant.

HAZEL, District Judge.   [1] The cases cited by plaintiff in its brief for rehearing to show that the United States was not relieved from performance of the contract in question in the main treat of ordinary unqualified contracts, in which the impossibility of performance could not be anticipated.   Such cases, however, have no application to the facts here.   Although it is urged that, since the contract does not specifically provide for cancellation on cessation of war hostilities, and that defendant was bound to take the iron in question, either for use in its ships or after the war ended to dispose of it to others, I still remain of the opinion that the principle applies that the defendant, an agency of the United States, had a right to cancel because of the implied condition of war necessity, which may be read into the contract springing from the Act of June 15, 1917 (40 Stat. 182), wherein the President is given powers in relation to placing orders for ships and materials, and to—

"modify, suspend, cancel, or requisition any existing or future contract for the building, production, or purchase of ships or material."

The defendant, by proper designation of the President, had power to give the order for the iron in question, and later to cancel the order when the war ended.   In Meyer Scale & Hardware Co. v. U. S., ——

Ct. Cl. ——, decided January 9, 1922, by the Court of Claims, it was held that acts of Congress dealing with the same subject were to be considered in the ascertainment of the legislative intent. In that case the contract providing for the delivery of suspension crane scales at various navy yards, after partial performance, was canceled by the United States. The action included a demand for recovery for prospective profits that would have been made upon scales that plaintiff was not permitted to deliver. The purpose and scope of the act was comprehensively considered by the court, and it was unanimously concluded that—

"Contracts, whether existing or future, were brought within the scope of the legislation, and the power was given to modify or cancel them, and there was no further need for a part or all of the things that furnish their consideration."

And the court further said:

"If the provision of this act with reference to the modification, cancellation, etc., of contracts applied to government contracts, as we believe and hold that it did, it was a provision of existing law which must be read into the contract, and the contract is to be treated, in determining the rights of the parties thereunder, as if modification and cancellation clauses were written therein."

These quoted conclusions are believed persuasive of the correctness of the decision made herein. Furthermore, the general principle appears in many adjudications that, where there is an implied understanding that the performance of a contract shall without fault of either party end in certain contingencies, and neither party agrees to be responsible for the continuance of the contract beyond such contingency, it is in the contemplation of the parties that the contract is coupled with an implied condition that it may be dissolved when the particular purpose for which it was made is at an end.

[2] It is contended that this principle does not apply in this case, as defendant did not cease business upon the termination of the armistice, but continued to conduct shipping transportations. In answer it suffices to say that it appears that the power conferred upon the defendant by Congress and by orders of the President was terminated by the Merchant Marine Act of 1920 (41 Stat. 988).

Motion for rehearing is denied.